IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR417-006 |
| ) | |
| SENECA ROBERTS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**O R D E R**

Before the Court is Defendant Seneca Roberts's Motion for a Downward Adjustment (Doc. 25) and the Government's Motion to Dismiss Defendant's motion (Doc. 26). After careful consideration, the Government's motion (Doc. 26) is **GRANTED** and Defendant's motion (Doc. 25) is **DISMISSED**.

Although Defendant moves this Court for a downward adjustment based on U.S.S.G. § 5G1.3(b)(1), Defendant seems to request credit for time served from January 13, 2016 to September 2017 to be applied toward his federal sentence. (Doc. 25 at 1.) The BOP, not the Court, possesses the authority to determine the manner in which credit for prior custody is applied toward a federal sentence. Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) ("The Attorney General—acting through the BOP—initially possesses the exclusive authority under the law of this Circuit to compute sentence credit awards after sentencing."); United States v. Roberson, 746 F. App'x 883, 885 (11th Cir. 2018) ("The Supreme Court has held that the responsibility for determining sentence-

credit awards lies with the Attorney General, through the BOP, as opposed to district courts."). "Granting credit for time served is initially an administrative function, so a federal prisoner must pursue an administrative remedy through the prison system before seeking judicial review." United States v. Martin, 362 F. App'x 69, 70 (11th Cir. 2010). As highlighted by the Government, however, Defendant has not demonstrated that he sought administrative relief through the BOP, as is required, before filing his request with the Court. (Doc. 26 at 2-3.)

Even if Defendant had exhausted his administrative remedies, the proper procedure for Defendant to mount a judicial challenge to the BOP's decision is to file a civil action under 28 U.S.C. § 2241 in the district and division of his confinement. Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991); United States v. Gaynor, No. CR 406-014, 2016 WL 4030076, at *1 (S.D. Ga. July 26, 2016); see also United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."). Here, Defendant is currently incarcerated at FCI Bennettsville in Bennettsville, South Carolina. As such, Defendant must file a judicial challenge to the BOP's decision in the United States District Court for the District of South Carolina, Florence Division. Accordingly, the

Government's motion to dismiss (Doc. 26) is **GRANTED** and Defendant's motion (Doc. 25) is **DISMISSED**.[1]

SO ORDERED this 3RD day of December 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] In addition, after careful consideration, Defendant's Motion to Obtain a Statement of Reasons (Doc. 23) is **DENIED**.

3