IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CASE NO. CR417-006 |
| ) | |
| SENECA ROBERTS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**O R D E R**

Before the Court is Defendant Seneca Roberts's Motion Requesting a Judicial Recommendation (Doc. 31), which the Government has opposed (Doc. 32). After careful consideration, Defendant's motion (Doc. 31) is **DENIED**.

In February 2017, Defendant pleaded guilty to conspiracy to possess with intent to distribute and to distribute quantities of cocaine. (Doc. 10.) Defendant was sentenced to 60 months' imprisonment and a three-year term of supervised release. (Doc. 17 at 2, 3.) According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at FMC Lexington, located in Lexington, Kentucky, with a projected release date of September 22, 2023. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on Jan. 28, 2021).

In his motion, Defendant asks the Court to recommend to the BOP that he be given "additional time" in a residential reentry

center or halfway house. (Doc. 31 at 1.) Relying on the Second Chance Act of 2007, Defendant argues he is eligible to serve up to one year of his remaining sentence in a residential reentry center/halfway house and on home confinement. (Id. at 2.) Defendant claims that "[t]he BOP usually provides 4-6 months" in a residential reentry center or halfway house. (Id. at 2.) Defendant, however, claims "he will not be given" this amount of time and that the BOP's current recommendation is insufficient for him to effectively reacclimate into the community. (Id.) As evidence of his rehabilitation, Defendant notes he has enrolled in multiple programs and earned several educational certificates. (Id. at 1, 2.) Defendant also argues his was a non-violent drug offense, and he poses no danger to society. (Id. at 2.)

The Government has interpreted Defendant's motion as a request "to recommend to the [BOP] that he be placed in a residential re-entry center[.]" (Doc. 32 at 1.) The Government argues the Court should deny Defendant's motion because the Court lacks jurisdiction to modify Defendant's sentence and Defendant has not demonstrated that he exhausted his administrative remedies. (Id. at 3.) Although the Court finds that it does have authority to grant Defendant's motion, it declines to do so in this case.

While a district court has no authority to **"order** the Bureau of Prisons to release Defendant to halfway house[,]" United States

2

v. Lovelace, No. 1:12-cr-402-WSD-GGB-01, 2014 WL 4446176, at *2 (N.D. Ga. Sept. 9, 2014) (emphasis added), federal law provides that the Court may make certain recommendations to the BOP, including "the type of penal or correctional institution that is appropriate." United States v. Baker, No. 3:01cr94-01-MHT, 2013 WL 355867, at *1 (M.D. Ala. Jan. 29, 2013) (citing 18 U.S.C. § 3621(b)(4)(B)). However, "the recommendation has 'no binding effect.'" United States v. Sanford, No. 1:03-cr-00053-JAW, 2021 WL 4342316, at *2 (D. Me. Sept. 23, 2021) (citing 18 U.S.C. § 3621(b)). In the Court's opinion, Defendant seeks a judicial recommendation to the BOP, not an order directing the BOP regarding his placement.

> Nevertheless, the Court believes
>
> [t]he length of time an inmate should reside in a reentry center after a period of incarceration seems . . . to fall more squarely within the BOP's penological expertise than within this Court's judicial experience. In addition, the BOP has at all times many inmates eligible for assignment to residential reentry centers and how the BOP applies the statutory criteria of 18 U.S.C. § 3621(b) among its inmates and designates them for placement in specific residential reentry centers are matters within the BOP's institutional expertise and statutory authority.

Id. at *3. Accordingly, because "the Court concludes that the BOP

is better able than the Court to assess [Defendant's] current suitability for a halfway house and to prioritize him for placement among its inmate population," the Court **DENIES** Defendant's request for a judicial recommendation. Id. at *4.

SO ORDERED this 31st day of January 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA